JOHN MULLEN *vs.* GEORGE H. KAVANAGH.

On a trial to determine the validity of a contract of sale under which the plaintiff claims title to a chattel, the defendant has no ground of exception if the judge permits the plaintiff to modify his own testimony, and introduce further evidence, to show that a paper, delivered to him by the seller at the time of the transfer of the chattel, was merely a bill of parcels; although the plaintiff has previously testified that it was a bill of sale and that he has it in his possession, and the defendant has called for its production.

TORT for the conversion of an iron hammer. At the trial in the superior court, before *Lord*, J., the plaintiff testified that he bought the hammer, with thirty tons of old iron, from a junk-dealer; and on cross-examination testified further " that he took a bill of sale of the whole property so purchased, and that he then had that bill of sale, that he did n't know whether it was a separate paper, but believed that it [the hammer] was put down under the other articles." The defendant then requested the plaintiff to produce this bill at the opening of the court the next morning. The plaintiff, at the time requested, without first producing the bill, called Melchisedec Kyle as a witness, who testified that he sold the hammer to the plaintiff, and gave him a separate bill of sale of it, immediately after delivering a large lot of iron previously sold to him. The defendant then renewed his request for the production of the bill, and objected to parol

evidence of its contents. The plaintiff, however, giving as a reason for not producing it, that it was at his house some miles off in the country, and proposing to show that it was in fact not a bill of sale, but a bill of parcels, and therefore he was not under obligation to produce it, was allowed by the judge " to inquire of the witness what the nature of the paper was, for the purpose of showing whether it was a formal bill of sale or not," and was further allowed to testify, against the defendant's objection, " that he did not remember what the form of it was, that he believed it was an acknowledgment of the payment of the amount of the purchase money, and that he could not give the words." The jury found for the plaintiff; and the defendant alleged exceptions.

*H. R. Cheney*, for the defendant.

*J. C. Park*, for the plaintiff, was not called upon.

BY THE COURT. In order to ascertain whether the paper which was the subject of inquiry was a formal bill of sale which ought to be produced, or a mere bill of parcels which need not be produced, it was necessary that some inquiry should be made as to its contents. The court properly allowed this to be done.

*Exceptions overruled.*